**E-FILED**
Friday, 20 October, 2006  08:39:56 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

PAMELA S. NALE,

               Plaintiff,

   v.

MECO CORPORATION, a Tennessee
corporation, d/b/a SAMSONITE FURNITURE
CO.,

               Defendant.

No.  06-2205



FILED
OCT 1 9 2006
JOHN M. WATERS, Clerk
CENTRAL DISTRICT COURT
URBANA, IL  ILLINOIS

### NOTICE OF REMOVAL OF CIVIL ACTION

To:    The United States District Court
     for the Central District of Illinois
     Urbana Division

Defendant-Petitioner, Meco Corporation, erroneously named Meco Corporation d/b/a

Samsonite Furniture Co. ("Meco"), seeks removal to this Court and, in support thereof, states as

follows:

1.    This action was commenced against Meco, the sole defendant, in the Circuit

Court for the Fifth Judicial Circuit, Vermilion County, Illinois, on September 21, 2006.  A copy

of the complaint was served on the defendant on September 26, 2006.  This notice was filed

within thirty days after service of the complaint upon the defendant.

2.    At the time the action was commenced and since then, the plaintiff was and is a

citizen of the County of Vermilion, State of Illinois, and the defendant was and is a corporation

organized and existing under the laws of the State of Tennessee, with its principal place of

business in Tennessee.

3.    The amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff made a settlement demand of $180,000.00. Attached hereto as Exhibit "A" and made a part hereof is a letter from plaintiff's attorney.

4.    This action is a civil one of which the United States District Courts have original jurisdiction under 28 U.S.C. §1332.

5.    Meco attaches to this Notice copies of all process and pleadings, including summons and complaint, with jury demand, marked as Exhibits "B" and "C," respectively. There have been no orders served on the defendant as of the date of this petition.

WHEREFORE, defendant Meco Corporation prays that this cause be removed to the United States District for the Central District of Illinois, Urbana Division.

MECO CORPORATION

By: _Cara M. Houck_
Cara M. Houck, One of its Attorneys

Cara M. Houck
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601
(312) 849-8100

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

PAMELA S. NALE,

               Plaintiff,

      v.                               No.

MECO CORPORATION, a Tennessee
corporation, d/b/a SAMSONITE FURNITURE
CO.,

               Defendant.

## AFFIDAVIT

STATE OF ILLINOIS    )
                         ) SS
COUNTY OF COOK     )

       CARA M. HOUCK, being first duly sworn on oath, deposes and says that:

       1.      She is an attorney for the defendant-petitioner in this cause;

       2.      She has prepared and read the petition for removal filed in this cause and has
personal knowledge of the facts and matters contained in it; and

       3.      The facts and allegations contained in the petition for removal are true and
correct.

                                              _____
                                            Cara M. Houck

SUBSCRIBED and SWORN to before
me this 19th day of October, 2006.

_____
Notary Public

```
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
♦    "OFFICIAL SEAL"    ♦
♦    M. APRIL BURLESON    ♦
♦   Notary Public, State of Illinois   ♦
♦ My Commission Expires 08/03/08 ♦
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
```

Exh A

# MANION, DEVENS, McFETRIDGE & SCHUM, LTD.
## ATTORNEYS AT LAW

PAUL T. MANION          JOHN D. McFETRIDGE
CHARLES J. DEVENS     TODD E. SCHUM
PRANK M. MULHOLLAND
J. BRIAN MANION

24 EAST NORTH STREET · DANVILLE, ILLINOIS 61832
TELEPHONE (217) 446-3889 · FAX (217) 446-6298 · E-MAIL mdms@insightbb.com

| HOOPESTON OFFICE | CHAMPAIGN OFFICE | KANKAKEE OFFICE |
|---|---|---|
| 216 SOUTH MARKET STREET | 701 DEVONSHIRE DRIVE, SUITE 103E | 1475 HARVARD DRIVE |
| P.O. Box 100 | CHAMPAIGN, ILLINOIS 61820 | KANKAKEE, ILLINOIS 60901 |
| HOOPESTON, ILLINOIS 60942 | TELEPHONE (217) 355-9123 | TELEPHONE (815) 932-9734 |
| TELEPHONE (217) 283-5597 | | |

August 23, 2006

Ms. Christi Fox-Morrow
Constitution State Services
One Tower Square, 4MS
Hartford, CT  06183

RE:     My Client:      Pamela S. Nale
        Your Insured:  Meco Corporation
        Date of Loss:  9/23/04
        Claim No.:      875 ER BAU1711 R

Dear Ms. Fox-Morrow:

I believe we are in a position to attempt settlement of this matter at this time.

Due to the approaching statute of limitations, I am in the process of putting a complaint together which I plan on filing soon. I will be happy to provide you with a courtesy copy of the complaint. If you are so inclined and believe that settlement discussion would be useful, I would be willing to agree to an open-ended extension of time for you to file a responsive pleading to the complaint. Please give me a call in that regard, if that is how you wish to proceed.

As to liability, I believe this is a case of clear liability wherein your insured was negligent in the manufacture of the step stool in question for the reasons outlined-below. They are also strictly liable under Illinois law for placing an unreasonably dangerous product in the stream of commerce. I believe your client was negligent in using substandard manufacturing prosthesis and materials. They did not provide a product which would hold the weight indicated on the product label under the foreseeable uses of the step stool. Your client also was negligent in their design and negligent in failing to warn my client that the step stool legs may bend, causing a user to fall.

I might point out that there is no indication whatsoever of any misuse or abuse of this product. My client was an intended user and was using the product in an entirely foreseeable way.

The real issue in this case is the amount of damages to fairly compensate my client for the injuries she sustained.

Ms. Christi Fox-Morrow
August 23, 2006
Page 2

As a result of her fall from the step stool, which resulted from a step stool leg suddenly bending without warning, my client sustained a torn rotator cuff in her left shoulder, as well as neck injuries. She had an extensive course of physical therapy and received injections and medications. Eventually, she had surgery on her left shoulder. My client has continued to have ongoing neck pain with numbness going into her upper extremities. She has been diagnosed with cervical radiculopathy and cervical spondelosis. As you can see from the last office notes of my client's treating physician, Dr. Scott Paluska of the Orthopedic Associates of Central Illinois, has indicated that a future MRI may be warranted, so the possibility remains that my client will incur future medical expenses.

As you can see from the enclosed medical records and billing statements, my client's medical specials, to date, total $37,380.89. I am including medical records and billing statements from the following providers: Illiana Emergency Physicians; Provena United Samaritans Medical Center; Danville Polyclinic; Grace Family Healthcare; Illini Open MRI; Neurology Clinic of Danville; CVS Pharmacy; Orthopedic Associates of Kankakee (O.A.K.); O.A.K. Surgical Center; Allied Anesthesia Associates; Ortho RX; Orthopedic Associates of Central Illinois; and Professional Physical Therapy.

To this day, as referenced-above, my client continues to have ongoing neck pain with associates numbness and tingling into her upper extremities. My client also continues to have occasional shoulder pain, particularly when lifting anything heavy or when working above shoulder height. She also has some weather sensitivity in the left shoulder area. Her shoulder aches more in times or cold or dampness.

As to lost wages, my client was off work, as documented from the enclosed statement from her employer, Aldi, Inc., dated January 31, 2006, from the date of the injury on September 23, 2004, through January 6, 2006. As also documented, my client worked no less than 20 hours per week and earned $10.03 per hour. Accordingly, my client's lost wages are no less than $13,440.20.

As to settlement, I would recommend that my client accept the sum of $180,000.00 as full and final settlement of her claims against your insured.

After you have had an opportunity to review this matter, please advise.

Sincerely,

Todd E. Schum

TES:nv
Enclosures

cc:    Ms. Pamela Nale

Exh B

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, DANVILLE, ILLINOIS

PAMELA S. NALE,

    Plaintiff,

    vs.          No. 06 L 91

MECO CORPORATION, a Tennessee Corporation,
d/b/a SAMSONITE FURNITURE CO.,

    Defendant.

### SUMMONS

To each Defendant:    MECO Corporation, % L. A. Yonz, 1500 Industrial Road, Greeneville, TN
37745

       You are summoned and required to file an answer in this case, or otherwise file your
appearance in the Office of the Clerk of this Court, Vermilion County Courthouse, 7 N.
Vermilion Street, Danville, Illinois, within 30 days after service of this summons, not counting
the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT
MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

       This summons must be returned by the officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service. If service cannot
be made, summons shall be returned so endorsed.

       This summons may not be served later than 30 days after its date.

WITNESS    9-21    , 2006

(SEAL OF THE COURT)

                  _Susan Miller_
                  (Clerk of Circuit Court)

       By:    _Marci Wilson_
                (Deputy)

Todd E. Schum
Manion, Devens, McFetridge & Schum, Ltd.
Attorneys for Plaintiff
24 E. North Street
Danville, IL 61832
Telephone: 217.446.3889

| | | |
|---|---|---|
| | Service and return.............................$ _____ | |
| **SHERIFF'S FEES** | Miles _____ | |
| | Total............................................$ _____ | |

                     Sheriff of _____ County

       I certify that I served this summons on defendant(s) as follows:
(a) - (Individual defendants - personal):
(The officer or other person making service shall (a) identify as to sex, race and approximate age of the
defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an
exact street address) and the date and time of the day when the summons was left with the defendant.)

_____
_____
_____

(b) - (Individual defendants - abode):
       By leaving a copy of this summons and a copy of the complaint at the usual place of abode of each
individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of
the contents of the summons.
(The officer or other person making service shall (a) identify as to sex, race and approximate age of the
person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever
possible in terms of an exact street address) and the date and time of the day when the summons was left with
such person.)

_____
_____

       And also by sending a copy of the summons and of the complaint in a sealed envelope with postage
fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Date of mailing | Mailing address |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c) - (Corporation defendants)
       By leaving a copy of this summons and a copy of the complaint with the registered agent, officer or
agent of each defendant corporation, as follows:

| Defendant corporation | Date of service | Registered agent, officer or agent |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

_____
_____

                    _____, Sheriff of _____ County
                    By: _____ (Deputy)

Exh C



STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, DANVILLE, ILLINOIS

Clerk of the Circuit Court
Vermilion County, Illinois

PAMELA S. NALE,                          )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )      No. 06 L 91
                                         )      JURY DEMAND
MECO CORPORATION, a Tennessee Corporation, )
d/b/a SAMSONITE FURNITURE CO.,           )
                                         )
                Defendant.               )

## COMPLAINT

### COUNT I - Strict Liability

NOW COMES the Plaintiff, PAMELA S. NALE, by and through her attorneys, Manion,

Devens, McFetridge & Schum, Ltd., and for Count I of her Complaint against the Defendant,

MECO CORPORATION, A Tennessee Corporation, d/b/a SAMSONITE FURNITURE CO.,

states as follows:

1.      The Defendant, MECO CORPORATION, A Tennessee Corporation, d/b/a

SAMSONITE FURNITURE CO., is in the business of designing and manufacturing step stools

and other products, and is doing business in the State of Illinois.

2.      That prior to September 23, 2004, Plaintiff, PAMELA NALE, purchased a new

step stool manufactured and designed by Defendant, MECO CORPORATION, A Tennesse

Corporation, d/b/a SAMSONITE FURNITURE CO., at a retail store located in Danville, Illinois.

3.      That the Defendant's step stool referenced-herein was at all times relevant hereto

in the same condition it was in at the time it left the manufacture and control of Defendant.

4.      That on September 23, 2004, Plaintiff, PAMELA NALE, was standing on the

Defendant's step stool at her home, hanging curtains.

5.    At said time and place, a leg on the Defendant's step stool failed, buckled and bent, causing the Plaintiff to fall, sustaining injuries as described hereinafter.

6.    That the step stool was manufactured and designed by Defendant, MECO CORPORATION, A Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO., for sale and use as a step stool.

7.    At the time of the occurrence herein and when the step stool left Defendant Corporation's manufacture and control, it was in a defective and unreasonably dangerous condition for its intended use, in one or more of the following ways:

    a.    Had a defective metal leg, which failed, bent and buckled;

    b.    Failed to adequately warn of the dangerous propensity of the step stool leg to fail, bend or buckle;

    c.    Lacked sufficient strength to hold and support its intended users, including the Plaintiff;

    d.    The step stool was subject to metal fatigue after a period of usage;, causing it to fail;

    e.    The step stool contained substandard metal, causing it to fail;

    f.    The step stool contained metal of insufficient size and composition, causing it to fail;

    g.    The step stool contained defective metal, causing it to fail; and

    h.    The step stool was improperly designed and constructed, causing it to fail.

8.    That on September 23, 2004, the Plaintiff, PAMELA NALE, was seriously injured when the step stool leg failed, bent and buckled, causing Plaintiff to fall.

9.    That as a direct and proximate result of one or more of the foregoing defective and

PAGE 4/10 * RCVD AT 9/26/2006 2:43:28 PM [Eastern Daylight Time] * SVR:RIGHTFAX/4 * DNIS:2088 * CSID:423 639 2570 * DURATION (mm-ss):04-24

unreasonably dangerous conditions of the Defendant's product, the Plaintiff suffered the

following damages and injuries:

    a.   Medical, hospital and physician bills, which will continue in to the future;

    b.   Pain and suffering, which shall continue in to the future;

    c.   Permanent disability, disfigurement and loss of enjoyment of life, which shall continue in to the future; and

    d.   Lost wages and earnings and future lost wages.

WHEREFORE, the Plaintiff, PAMELA S. NALE, respectfully prays that this Honorable

Court enter a judgment in her favor and against the Defendant, MECO CORPORATION, A

Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO., in an amount commensurate to

the injuries suffered, which, for the purposes of the assignment of this suit, are alleged to be in

excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit, and further prays that the issues

created herein be tried by a jury of twelve (12).

## COUNT II - Negligence

NOW COMES the Plaintiff, PAMELA S. NALE, by and through her attorneys, Manion,

Devens, McFetridge & Schum, Ltd., and for Count II of her Complaint against the Defendant,

MECO CORPORATION, A Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO.,

states as follows:

1.   The Defendant, MECO CORPORATION, A Tennesse Corporation, d/b/a

SAMSONITE FURNITURE CO., is in the business of designing and manufacturing step stools

and other products, and is doing business in the State of Illinois.

Page 3

2.    That prior to September 23, 2004, Plaintiff, PAMELA NALE, purchased a new step stool manufactured and designed by Defendant, MECO CORPORATION, A Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO., at a retail store located in Danville, Illinois.

3.    At some time prior to September 23, 2004, the Plaintiff, PAMELA NALE, purchased the Defendant's step stool from a local retail establishment in Danville, Illinois.

4.    That the Defendant's step stool referenced-herein was at all times relevant hereto in the same condition it was in at the time it left the manufacture and control of Defendant.

5.    That on September 23, 2004, Plaintiff, PAMELA NALE, was standing on the Defendant's step stool at her home, hanging curtains.

6.    At said time and place, a leg on the Defendant's step stool failed, buckled and bent, causing the Plaintiff to fall, sustaining injuries as described hereinafter.

7.    That the step stool was manufactured and designed by Defendant, MECO CORPORATION, A Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO., for sale and use as a step stool.

8.    That at all times relevant hereto, the Defendant owed a duty to exercise ordinary care in the design, manufacture, sale, and distribution of its step stool to all intended users of said step stool, including the Plaintiff.

9.    That on or about September 23, 2004, and at all times relevant hereto, the Defendant breached its duty in one or more of the following negligent acts and/or omissions:

      a.    Manufactured a step stool containing a defective metal leg, which failed, bent and buckled;

      b.    Failed to adequately warn of the dangerous propensity of the step stool leg to fail, bend or buckle;

Page 4

    c.    Failed to manufacture a step stool which contained sufficient strength to hold and support its intended users, including the Plaintiff;

    d.    Failed to manufacture a step stool that was not subject to metal fatigue after a period of usage, causing it to fail;

    e.    Manufactured a step stool containing substandard metal, causing it to fail;

    f.    Manufactured a step stool containing metal of insufficient size and composition, causing it to fail;

    g.    Manufactured a step stool containing defective metal, causing it to fail;

    h.    Failed to properly design and construct its step stool, causing it to fail;

10.    On or about September 23, 2004, as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, the Plaintiff was seriously injured when Defendant's step stool failed, causing Plaintiff to fall.

11.    That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, the Plaintiff suffered the following damages and injuries:

    a.    Medical, hospital and physician bills, which will continue in to the future;

    b.    Pain and suffering, which shall continue in to the future;

    c.    Permanent disability, disfigurement and loss of enjoyment of life, which shall continue in to the future; and

    d.    Lost wages and earnings and future lost wages.

WHEREFORE, the Plaintiff, PAMELA S. NALE, respectfully prays that this Honorable Court enter a judgment in her favor and against the Defendant, MECO CORPORATION, A Tennesse Corporation, d/b/a SAMSONITE FURNITURE CO., in an amount commensurate to the injuries suffered, which, for the purposes of the assignment of this suit, are alleged to be in

excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit, and further prays that the issues

created herein be tried by a jury of twelve (12).

PAMELA S. NALE, Plaintiff,

By: _____
Of Manion, Devens, McFetridge & Schum, Ltd.

Plaintiff hereby demands a trial by a jury of twelve (12) on all Counts.

PAMELA S. NALE, Plaintiff,

By: _____
Of Manion, Devens, McFetridge & Schum, Ltd.

Page 6

### AFFIDAVIT

NOW COMES your Affiant, TODD E. SCHUM, and under oath states:

1.    That he is testifying as to matters of his own personal knowledge and is competent
to testify to the same if called upon to do so.

2.    That he is a duly authorized agent of PAMELA S. NALE for purposes of making
this Affidavit.

3.    That the damages sought do exceed Fifty Thousand Dollars ($50,000.00).

FURTHER AFFIANT SAYETH NOT.

_____
TODD E. SCHUM

STATE OF ILLINOIS        )
                         )  §
COUNTY OF VERMILION  )

Subscribed and sworn to before me, a Notary Public for the State of Illinois, this 21st day
of September, 2006.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
NICOLE VARVEL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/1/2009

Todd E. Schum
Manion, Devens, McFetridge & Schum, Ltd.
Attorneys for Plaintiff
24 E. North Street
Danville, IL 61832-5804
Telephone: 217.446.3889

| | |
|---|---|
| **SHERIFF'S FEES** | Service and return..............................$_____ |
| | Miles _____............................_____ |
| | Total.................................................................$_____ |

Sheriff of _____ County

I certify that I served this summons on defendant(s) as follows:

(a) - (Individual defendants - personal):

(The officer or other person making service shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.)

_____

_____

(b) - (Individual defendants - abode):

By leaving a copy of this summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons.

(The officer or other person making service shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with such person.)

_____

_____

And also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Date of mailing | Mailing address |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c) - (Corporation defendants)

By leaving a copy of this summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Date of service | Registered agent, officer or agent |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

_____

_____

_____, Sheriff of _____ County

By: _____(Deputy)

## CERTIFICATE OF SERVICE

The undersigned certifies that she served the foregoing Notice of Removal of a Civil

Action upon:

> Todd E. Schum, Esq.
> Manion Devens McFetridge & Schum, Ltd.
> 24 East North Street
> Danville, Illinois 61832

by placing a true and correct copy thereof in a sealed envelope addressed as aforesaid, with

postage prepaid, and depositing same in the United States mail box located at 77 West Wacker

Drive, Chicago, Illinois at or before 5:00 p.m. on the 19th day of October, 2006.

_Catherine Evans_

[X]    Under penalties as provided by law pursuant to
       Ill.Rev.Stat., Ch. 110, Sec. 1-109, I certify that the
       statements set forth herein are true and correct.

OJS 44 (Rev. 11/04) 2:06-CV-02205-HAB-DGB #1-1 06-2205 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pamela S. Nale

## DEFENDANTS
Meco Corporation d/b/a Samsonite Furniture Co.

(b) County of Residence of First Listed Plaintiff **Vermilion**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Todd E. Schum
Manion Devens McFetridge & Schum, Ltd.
24 East North Street
Danville, Illinois 61832
217-446-3889

Attorneys (If Known)
Cara M. Houck
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
312-849-8100

**FILED**

OCT 1 9 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332
Brief description of cause:
Product liability - design defect

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE_____ DOCKET NUMBER_____

DATE 10-19-06

SIGNATURE OF ATTORNEY OF RECORD
Cara M Houck

## FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

American LegalNet, Inc. | www.USCourtForms.com