IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PAMELA S. NALE, | |
| Plaintiff, | |
| v. | No. 06 CV 02205 |
| MECO CORPORATION, a Tennessee corporation, d/b/a SAMSONITE FURNITURE CO., | |
| Defendant. | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Meco Corporation, erroneously named as Meco Corporation d/b/a Samsonite Furniture Co., by and through its attorneys, McGuireWoods LLP, in answer to plaintiff's complaint, states as follows:

### COUNT I – STRICT LIABILITY

1. Meco Corporation admits that it is a Tennessee corporation with its principal place of business in Tennessee and that it has manufactured and designed step stools and other products. Meco Corporation further states that some of its products may be sold in the State of Illinois. Meco Corporation denies all remaining allegations.

2. Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 and, therefore, the same are denied and strict proof is demanded at the time of trial.

3. Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 and, therefore, the same are denied and strict proof is demanded at the time of trial.

4.  Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and, therefore, the same are denied and strict proof is demanded at the time of trial.

5.  Denied.

6.  Meco Corporation admits that it has manufactured and designed step stools for sale and use as step stools. Meco Corporation denies all remaining allegations.

7.  Meco Corpoation denies the allegations contained in paragraph 7 and subsections (a), (b), (c), (d), (e), (f), (g) and (h) thereof, and strict proof is demanded at the time of trial.

8.  Denied.

9.  Meco Corpoation denies the allegations contained in paragraph 9 and subsections (a), (b), (c) and (d) thereof, and strict proof is demanded at the time of trial.

WHEREFORE, defendant Meco Corporation denies that plaintiff is entitled to a judgment against it in any amount whatsoever, and prays that Count I of the complaint be dismissed, with costs assessed against the plaintiff.

## COUNT II – NEGLIGENCE

1.  Meco Corporation admits that it has manufactured and designed step stools and other products. Meco Corporation further states that some of its products may be sold in the State of Illinois. Meco Corporation denies all remaining allegations.

2.  Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 and, therefore, the same are denied and strict proof is demanded at the time of trial.

3.  Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 and, therefore, the same are denied and strict proof is demanded at the time of trial.

4. Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and, therefore, the same are denied and strict proof is demanded at the time of trial.

5. Meco Corporation is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 and, therefore, the same are denied and strict proof is demanded at the time of trial.

6. Denied.

7. Meco Corporation admits that it has manufactured and designed step stools for sale and use as step stools. Meco Corporation denies all remaining allegations.

8. Paragraph 8 alleges a legal conclusion to which no response is required. Subject to its objection, Meco states that it performed all duties imposed upon it by law and denies the allegations in said paragraph.

9. Meco Corporation denies the allegations contained in paragraph 9 and subsections (a), (b), (c), (d), (e), (f), (g) and (h) thereof, and strict proof is demanded at the time of trial.

10. Denied.

11. Meco Corporation denies the allegations contained in paragraph 11 and subsections (a), (b), (c) and (d) thereof, and strict proof is demanded at the time of trial.

WHEREFORE, defendant Meco Corporation denies that plaintiff is entitled to a judgment against it in any amount whatsoever, and prays that Count II of the plaintiff's complaint be dismissed, with costs assessed against the plaintiff.

## GENERAL DENIAL

Meco denies each and every allegation not specifically admitted in this Answer.

## SEPARATE AND AFFIRMATIVE DEFENSES

For its defenses to plaintiff's Complaint, defendant Meco Corporation states as follows:

3

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any product for which it was responsible at the time of the occurrence or injuries alleged by plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product at issue at the time of the occurrence or injuries alleged by plaintiff were legally adequate warnings and instructions.

## THIRD AFFIRMATIVE DEFENSE

The occurrence and injuries alleged by plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Meco and the occurrence and injuries alleged by plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Meco of liability to plaintiff or any other parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's negligence claims are barred by plaintiff's contributory negligence and/or the contributory negligence of other third parties over whom this defendant had no control.

## FIFTH AFFIRMATIVE DEFENSE

Any and all damages alleged by plaintiff were caused by misuse of the product at issue in this case, failure to use the product properly, and/or alteration or negligent use of the product.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by plaintiff's express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of plaintiff that was not related to any product manufactured by Meco.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of plaintiff and/or third parties, and not

from any negligence or breach of duty by Meco. If judgment is rendered in plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative fault.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff knew of the existence of the risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed herself to the risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

Meco did not breach any duty of care to plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff has failed and refused to mitigate her alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims based on Meco's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Should the trier of fact determine that the comparative fault of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought, then judgment should be entered in favor of Meco and against the plaintiff. Alternatively, that plaintiff's award of damages, if any, should be reduced in an amount commensurate with the fault of the plaintiff in causing her own claimed injuries and damages. 735 ILCS 5/2-1116.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Should the trier of fact determine that there is fault of the defendant, which fault is expressly denied in any manner and percentage, and that such fault was less than 25% of the total fault attributable to all parties and to any third party who could have been sued, then Meco shall be only severally liable for all non-medical and non-medical related damages, in accord with 735 ILCS 5/2-1117.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Meco to determine all of its legal, contractual and equitable rights, Meco reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

WHEREFORE, defendant Meco Corporation prays that a judgment be entered in its favor and against the plaintiff on Counts I and II of the complaint, together with costs of suit and such further and other relief as provided by law. Alternately, defendant prays that any judgment entered in favor of the plaintiff be reduced in proportion to plaintiff's own comparative negligence in causing the injuries and damages claimed and, further, to the extent plaintiff has failed to mitigate her alleged damages.

McGUIREWOODS LLP

By: *Cara M Houck*

Cara M. Houck, Attorneys for Defendant

McGUIREWOODS LLP
Cara M. Houck
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601
(312) 849-8100

## CERTIFICATE OF SERVICE

The undersigned certifies that she served the foregoing Defendant's Answer and Affirmative Defenses on:

>Todd E. Schum, Esq.
>Manion Devens McFetridge & Schum, Ltd.
>24 East North Street
>Danville, Illinois 61832

by placing a true and correct copy thereof in a sealed envelope addressed as aforesaid, with postage prepaid, and depositing same in the United States mail box located at 77 West Wacker Drive, Chicago, Illinois at or before 5:00 p.m. on the 24th day of October, 2006.

*/s/ Catherine Evans*

[X]   Under penalties as provided by law pursuant to Ill.Rev.Stat., Ch. 110, Sec. 1-109, I certify that the statements set forth herein are true and correct.

\4227941.2